UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS-6

| Case No. | CV 10-3497 (CAS) (MANx) | Date | November 8, 2010 |
|---|---|---|---|
| Title | RANJI BEDI, ET AL., v. PAUL J. McGOLDRICK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:              Attorneys Present for Defendants:

Not Present                                        Not Present

**Proceedings:**  **(IN CHAMBERS): DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(2) AND FED. R. CIV. P. 12(b)(3) OR TRANSFER UNDER 28 U.S.C. § 1404(a)** (filed 5/17/10)

## I.    INTRODUCTION

On February 9, 2010, plaintiffs Ranji and Lori Bedi filed the instant action against defendants Paul J. McGoldrick, Shorall McGoldrick Brinkmann, and Does 1 through 200, alleging claims for: (1) fraud in the inducement and in the performance of their duties as plaintiffs' attorneys; (2) negligent misrepresentation; (3) breach of written and implied contract; (4) negligence; (5) breach of fiduciary duty; and (6) unjust enrichment.

On May 10, 2010, defendants removed this action from Los Angeles Superior Court to this Court pursuant to 28 U.S.C. § 1443. On May 17, 2010, defendants filed the instant motion to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Alternatively, defendants seek to transfer to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a). On June 7, 2010, plaintiffs filed their opposition. On June 14, 2010, defendants replied. A hearing was held on June 28, 2010. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiffs are residents of Los Angeles, California. Compl. ¶ 1. Defendants include Arizona law firm Shorall McGoldrick Brinkmann and Paul J. McGoldrick, an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

JS-6

| Case No. | CV 10-3497 (CAS) (MANx) | Date | November 8, 2010 |
|----------|--------------------------|------|------------------|
| Title | RANJI BEDI, ET AL., v. PAUL J. McGOLDRICK, ET AL. | | |

individual attorney of the firm. Mot. at 1. According to plaintiffs, on or about January 2009, plaintiffs hired defendants to represent them in an action entitled Neske v. Bedi, Case No. CV2007-011045, pending in the Maricopa County Superior Court in the State of Arizona. Compl. ¶ 1; Req. for Judicial Notice at 2. Plaintiffs allege that defendants had an "extremely close and symbiotic relationship" with opposing counsel in the underlying action and that this relationship was not disclosed to plaintiffs. Compl. ¶ 1. Plaintiffs allege that defendants induced them to pay a $5,000 retainer fee for undertaking plaintiffs' representation, including making a peremptory challenge to the judge. Id. Plaintiffs allege that defendants failed to file the challenge. Id. In addition to failing to disclose their relationship with opposing counsel, plaintiffs allege that defendants revealed plaintiffs' confidential information about the underlying action to opposing counsel. Id. Plaintiffs further allege that defendants intentionally converted plaintiffs' case file and refused to return it to them. Id. As a consequence, plaintiffs filed the instant action, alleging that they have sustained economic and non-economic injuries as a result of defendants' actions and omissions. Id. ¶¶ 16, 20, 24, 31, 34.

The Court first addresses defendants' Rule 12(b)(2) motion to dismiss, because the remaining motions are moot if the Court finds that it does not have personal jurisdiction over defendants.

## III.   LEGAL STANDARD

### A.   Dismissal Pursuant to Fed. R. Civ. P. 12(b)(2) For Lack of Personal Jurisdiction

California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process is the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                  **JS-6**

| Case No. | CV 10-3497 (CAS) (MANx) | Date | November 8, 2010 |
|---|---|---|---|
| Title | RANJI BEDI, ET AL., v. PAUL J. McGOLDRICK, ET AL. | | |

the defendant's forum activities." <u>Perkins v. Benguet Consol. Mining Co.</u>, 342 U.S. 437, 446-47 (1952); <u>Data Disc, Inc. v. Sys. Tech. Assoc., Inc.</u>, 557 F.2d 1280, 1287 (9th Cir. 1977).

The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. <u>Bancroft & Masters, Inc. v. Augusta Nat'l Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." <u>Id.</u> (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. <u>See</u> <u>Brand v. Menlove Dodge</u>, 796 F.2d 1070, 1073 (9th Cir. 1986).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. <u>Rano v. Sipa Press, Inc.</u>, 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three prongs:

(1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
(2) the claim must arise out of or result from the defendant's forum-related activities; and
(3) exercise of jurisdiction must be reasonable.

<u>Id.</u>; <u>see also</u> <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475-76 (1985).

The plaintiff bears the burden of establishing purposeful availment and the defendant's forum-related activities, and if either of these prongs is not satisfied, personal jurisdiction is not established. <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 2004).

If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                      **JS-6**

| Case No. | CV 10-3497 (CAS) (MANx) | Date | November 8, 2010 |
|---|---|---|---|
| Title | RANJI BEDI, ET AL., v. PAUL J. McGOLDRICK, ET AL. | | |

<u>Schwarzenegger</u>, 374 F.3d at 802 (quoting <u>Burger King</u>, 471 U.S. at 477).  The third
prong requires the Court to balance seven factors: (1) the extent of the defendant's
purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the
forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute,
(5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and
(7) the existence of an alternative forum.  <u>Roth v. Garcia Marquez</u>, 942 F.2d 617, 623
(9th Cir. 1991).

Where a court decides a motion to dismiss for lack of personal jurisdiction without
an evidentiary hearing, the plaintiff need only make a prima facie showing of
jurisdictional facts to withstand the motion to dismiss.  <u>Ballard v. Savage</u>, 65 F.3d 1495,
1498 (9th Cir. 1995); <u>Doe v. Unocal Corp.</u>, 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998),
<u>aff'd</u>, 248 F.3d 915 (9th Cir. 2001).  The plaintiff's version of the facts is taken as true for
purposes of the motion if not directly controverted, and conflicts between the parties'
affidavits must be resolved in the plaintiff's favor for purposes of deciding whether a
prima facie case for personal jurisdiction exists.  <u>AT & T v. Compagnie Bruxelles
Lambert</u>, 94 F.3d 586, 588 (9th Cir. 1996); <u>Unocal</u>, 27 F. Supp. 2d at 1181.

**IV.    DISCUSSION**

Defendants move to dismiss the instant action on the basis that they have not
submitted to either general or specific jurisdiction in California.  Mot. at 3, 4.  Plaintiffs
do not argue that the Court has general jurisdiction over defendants.  <u>See</u> Opp'n.
Plaintiffs instead assert that the Court has specific jurisdiction over defendants because
they purposefully availed themselves of doing business in California and directed their
conduct towards plaintiffs in California.  Opp'n at 3.

**1.    PURPOSEFUL AVAILMENT**

In order for the Court to have specific jurisdiction over defendants, defendants
must have performed an act or consummated a transaction within California, purposefully
availing themselves of the privilege of conducting activities in California and invoking
the benefits and protections of California's laws.  <u>Rano</u>, 987 F.2d at 588.  "'Purposeful
availment' requires that the defendant 'have performed some type of affirmative conduct
which allows or promotes the transaction of business within the forum state.'"  <u>Sher v.
Johnson</u>, 911 F.2d 1357, 1362 (9th Cir. 1990) (quoting <u>Sinatra v. Nat'l Enquirer, Inc.</u>,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                          **JS-6**

| Case No. | CV 10-3497 (CAS) (MANx) | Date | November 8, 2010 |
|----------|-------------------------|------|------------------|
| Title | RANJI BEDI, ET AL., v. PAUL J. McGOLDRICK, ET AL. | | |

854 F.2d 1191, 1195 (9th Cir. 1988)).  The analysis employed for intentional torts and similar claims is a test derived from <u>Calder v. Jones</u>, 465 U.S. 783 (1984), wherein a defendant will be deemed to have purposefully availed itself of the forum if it has: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  <u>Schwartzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 1987).  In a contracts case, the purposeful availment prong is analyzed differently.  Because a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction," to determine personal jurisdiction, a court evaluates: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, and (4) the parties' actual course of dealing.  <u>Burger King</u>, 471 U.S. at 478-79.

Defendants argue that they are not subject to specific jurisdiction in California because they did not purposefully avail themselves of the privileges of doing business in California.  Mot. at 7-8 (citing <u>Sher</u>, 911 F.2d at 1363) ("[O]ut-of-state representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state.").  Defendants argue that they did not solicit plaintiffs or advertise their services in California.  <u>Id.</u> at 8; McGoldrick Decl. ¶¶ 3, 5; Brinkmann Decl. ¶ 4.  Instead, they assert that plaintiffs initiated contact with defendants to request their representation in the underlying action.  Mot. at 8.  Defendants further argue that they never visited California in connection with any services provided to plaintiffs.  <u>Id.</u>  Defendants further argue that defendant Paul J. McGoldrick, the attorney who primarily handled plaintiffs' case, is not licensed to practice in California.  <u>Id.</u> at 3; McGoldrick Decl. ¶ 3.  Thus, defendants contend that although they represented plaintiffs who were California residents and communicated with plaintiffs related to the representation, these activities are insufficient to expose them to personal jurisdiction under <u>Sher</u>.[1]  Mot. at 7; <u>see generally</u> <u>Sher</u>, 911 F.2d 1357.

----

[1]In <u>Sher</u>, while ultimately finding that personal jurisdiction over the defendants existed on other grounds, the Ninth Circuit held that contact made with the forum state (footnote 1 continued)
incidental to out-of-state legal representation did not constitute the "deliberate creation of a 'substantial connection'" with the forum state necessary for purposeful availment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*O*

**CIVIL MINUTES - GENERAL**                                    **JS-6**

| Case No. | CV 10-3497 (CAS) (MANx) | Date | November 8, 2010 |
|----------|--------------------------|------|-------------------|
| Title | RANJI BEDI, ET AL., v. PAUL J. McGOLDRICK, ET AL. | | |


Plaintiffs respond that defendants' conduct satisfies the purposeful availment prong in part because defendants "advertised" on their website by stating that their attorneys are admitted to practice in California.  Opp'n at 3; Shewell Decl. Ex. 1.  According to plaintiffs, defendants undertook affirmative action to promote business in California through the internet advertisement.  Opp'n at 3.  Plaintiffs further contend that defendants engaged in interstate communications with plaintiffs during the course of representation.  Id.  Moreover, plaintiffs respond that Sher cannot properly be used to support dismissal because the holding was limited to the facts of the case.  Id. at 6-7.  They argue that the Sher court did not indicate what was required to establish jurisdiction in all circumstances.  Id. at 6.  Plaintiffs assert instead that the holding of Brown v. Watson, 207 Cal. App. 3d 1306 (1989), is more persuasive.  Id. at 4.  In Brown, the court held that California's exercise of personal jurisdiction over Texas attorneys who were retained by California clients was constitutionally permissible.[2]  Id. Finally, plaintiffs assert that defendants' conduct created harmful effects in California, thereby making jurisdiction proper under an "effects" analysis.  Id.  Plaintiffs allege that defendants committed out-of-state acts which were intended to cause effects in California and harm to plaintiffs in California.  Id.  Specifically, plaintiffs assert that defendants knew that if they breached duties to plaintiffs, then the damages would be suffered in California.  Id. at 3.  Additionally, plaintiffs assert that defendants knew that their failure to disclose their conflicts of interest would injure plaintiffs in California.  Id.

Defendants reply that plaintiffs have failed to establish that defendants have purposefully availed themselves of doing business in California because their reliance on Brown is misplaced.[3]  Reply at 2.  Morever, defendants reply that a website itself is not

---

Sher, 911 F.2d at 1362 (citing Burger King, 471 U.S. at 478).

[2]However, the Ninth Circuit has expressly declined to follow the logic of Brown. See Sher, 911 F.2d at 1363.

[3]Defendants assert that notwithstanding the Ninth Circuit's rejection of Brown, Brown is distinguishable from the instant case based on its facts because in Brown, the (footnote 3 continued)
Texas attorneys were retained through plaintiffs' existing California attorneys, materials and information necessary for litigation were located in California, and the Texas attorneys were paid via a fee-splitting arrangement with the California attorneys.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**                              **JS-6**

| Case No. | CV 10-3497 (CAS) (MANx) | Date | November 8, 2010 |
|---|---|---|---|
| Title | RANJI BEDI, ET AL., v. PAUL J. McGOLDRICK, ET AL. | | |

an act of purposeful availment.  Id. at 5 (citing Coupon's Inc. v. Efros, No. 05-03491, 2006 U.S. Dist. Lexis 1385, at *19 (N.D. Cal. Jan. 5, 2006) (citing Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir. 1997))).  Finally, defendants reply that mail and telephone correspondence to plaintiffs in California is insufficient for establishing purposeful availment under Sher.  Id. (citing 911 F.2d at 1363 (citing R.E. Sanders & Co. v. Lincoln-Richardson, 108 Cal. App. 3d 71, 78 (1980) (stating that mail and telephone communications to California plaintiff in connection with out-of-state representation do not constitute purposeful availment))).

The Court finds that plaintiffs have not met their burden of showing that defendants purposefully availed themselves of doing business in California pursuant to Sher.  See Sher, 911 F.2d 1357.  As in Sher, the contacts defendants made with plaintiffs in the forum state were incidental to their representation of plaintiffs in the Arizona action, and accordingly, no "substantial connection" was made with California sufficient to constitute purposeful availment.  See Id.  Nor does defendants' website constitute purposeful availment of doing business within California.  See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (stating that personal jurisdiction cannot be based solely on the operation of a "passive" website that provides information or advertising).[4]  Finally, plaintiffs' argument that defendants caused harmful effects in California by their actions directed towards plaintiffs is inappropriate to establish personal jurisdiction over defendants in this case.  As in Sher, while plaintiffs' claims "sound in tort, all arise out of [plaintiff's] contractual relationship with the defendants."  911 F.2d at 1362.  "In such a case, the mere existence of a contract with a party in the forum state does not constitute sufficient minimum contacts for jurisdiction."  Id. (citing Burger King, 471 U.S. at 478).  Accordingly, an "effects" analysis is not appropriate and

Additionally, the Texas attorneys likely would have had to appear in a California court regardless of whether they had submitted to personal jurisdiction in California because they would be witnesses to the action against the California lawyers.  Finally, the court expressed concern that inconsistent verdicts may result if separate actions were each filed in California and Texas against the California and Texas attorneys.  Reply at 3-4.

[4]A "passive" website provides information or advertisements accessible to computer users, but does not permit them to exchange information over the internet with the website operator.  See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                    **JS-6**

| Case No. | CV 10-3497 (CAS) (MANx) | Date | November 8, 2010 |
|----------|--------------------------|------|------------------|
| Title    | RANJI BEDI, ET AL., v. PAUL J. McGOLDRICK, ET AL. | | |

the court looks instead to factors such as "'prior negotiations and contemplated future consequences along with the terms of the contract and the parties' actual course of dealing' to determine if the defendant's contacts are 'substantial' and not merely 'random, fortuitous, or attenuated.'" Id. (citing Burger King, 471 U.S. at 479-80).  As such, plaintiffs have not sufficiently alleged that defendants established substantial contacts with California.  Instead, the contacts defendants made in California were incidental to their out-of-state representation of plaintiffs in a single Arizona matter.

Thus, because plaintiffs have not met their burden of showing that defendants purposefully availed themselves of the forum state, the Court does not have personal jurisdiction over defendants.  See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (holding that if a plaintiff's arguments fail under the first prong, the Court need not address the two remaining prongs regarding whether the claim arises out of forum-related activities and whether the exercise of jurisdiction is reasonable).

## B.   Dismissal Pursuant to Fed. R. Civ. P. 12(b)(3) For Improper Venue and Transfer Pursuant to U.S.C. § 1404(a)

Because the Court finds that it lacks personal jurisdiction over defendants, it need not address defendants' motion to dismiss for improper venue and motion to transfer.

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss for lack of personal jurisdiction.

IT IS SO ORDERED.

|   |   |   |   |
|---|---|---|---|
|   | 00 | : | 00 |
| Initials of Preparer | | CMJ | |